# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER BOBKO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2072 |
| | : | |
| MICHAEL SASKOR, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                                                                                                                                                                       May 23, 2019

*Pro se* Plaintiff Christopher Bobko, a prisoner in custody at Northampton County Prison ("NCP"), has filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 against NCP, Prison Director Jimmy Kostura, Warden David Penchishen, Deputy Wardens James Klineman and Mark Bartholmew, Prison Case Manager Tara Fister, an Unknown Sheriff, Farmer's Insurance, an adjuster and an "interviewer" employed by Farmer's, Attorney Robert Glazer and Judge Paula Roscioli. Bobko also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant leave to proceed *in forma pauperis* and dismiss the Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Bobko fails to state plausible claims.

## I. FACTS

Bobko, a self-employed contractor, alleges that he was involved in a motorcycle accident on June 23, 2016 that rendered him unable to work and in need of full time care. (ECF No. 2 at 19.)[1] Apparently, the accident prevented him from engaging in employment for approximately

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

eleven months, during which time his wife divorced him. (*Id.* at 20.) He alleges that he began "robbing Peter to pay Paul so his obligations and duties as a man, ex-husband, dad, and business could be taken care of." (*Id.* at 21.) He contacted Farmer's Insurance, who apparently held the mortgage on his home, as well as other creditors, to seek help with his financial condition. (*Id.*) Bobko asserts that he was arrested in December 2017 for a charge of theft by deception arising out of his "robbing Peter to pay Paul." (*Id.* at 21-22.)[2] He also asserts that the charges against him "have been rectified to the fullest." (*Id.* at 22.)

While he was incarcerated, his home was robbed. (*Id.* at 23.) It was robbed again after he was released from custody. (*Id.*) He asserts that the second robbery "gives rise to [his] claim of Farmer's Insurance involvement and claim being filed and Plaintiffs rights being denied by law to be treated fairly." (*Id.*)

Bobko alleges that he was again incarcerated on May 16, 2018. (*Id.* at 23-24.)[3] He was sent to work release in June 2018. (*Id.* at 24.)[4] He alleges that Defendant Fister lied to him about his court dates so that he would miss them. (*Id.*) He also alleges that non-party Northampton County is "holding back Plaintiff from opening [his] business back up so all his financial obligations to the courts and personal needs are and were being infringed upon at a time when if Northampton County did not hold the Plaintiff from being productive his house would

---

[2] A review of public records indicates that charges of theft by deception were filed against Bobko on December 26, 2017. *See Commonwealth v. Bobko*, No. CP-48-CR-4269-2017. Defendant Paula A. Roscioli is the judge assigned to the case. Bobko entered a guilty plea on June 4, 2018 and was sentenced to a custodial sentence of 6 to 23 months.

[3] A review of public records indicates that Bobko was arrested on DUI and related charges on May 16, 2018. *See Commonwealth v. Bobko*, No. CP-48-CR-1993-2018.

[4] A review of public records indicates that Bobko was arrested on escape charges on November 17, 2018, presumably arising from his work release. *See Commonwealth v. Bobko*, No. CP-48-CR-191-2019.

2

not of [sic] been lost, still would of [sic] had [his] family together, [his] business [would have been] productive [and his] bills paid." (*Id.* at 24-25.) He asserts that NCP staff denied him due process and access to the court. (*Id.* at 25.)

Bobko asserts that an Unknown Sheriff served him notices to "take his tangible property inside his house." (*Id.*) Apparently, foreclosure proceedings occurred, but Bobko alleges this officer did not serve him with "notice in selling of house due to not being able to find Plaintiff." (*Id.* at 25-26.) This is because, he asserts, he was incarcerated at the time. (*Id.*) He alleges that Judge Roscioli, the Unknown Sheriff, Farmer's Insurance and the non-Defendant person who bought his house — presumably at a Sheriff's sale — conspired to sell his house out from under him while he was incarcerated. (*Id.*) Bobko contends that the courts and Sheriff's Department "purposely could not locate [him] just so [the] sale could go through. He alleges that "corruption is rampide [sic] in this County of Northampton." (*Id.* at 26-27.)

Bobko hired Defendant Robert Glazer and paid him $750 to file a Chapter 13 bankruptcy petition. (*Id.* at 27.) He alleges that Judge Roscioli, the judge who sentenced him, denied him a 30 day extension and an extension to see his house, "went out of scope of law," and became personally involved in his life. (*Id.*) He blames Judge Roscioli's "illegal involvement" and the Sheriff "not locating" him while he was in NCP as the cause for his losing his house. (*Id.* at 27-28.)

## II. STANDARD OF REVIEW

Because Bobko appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

---

[5] However, as Bobko is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

apply, requiring the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Bobko is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

### A. Claims Against Farmer's Insurance, its Employees, and Attorney Glazer

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a non-governmental defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Bobko makes no plausible allegation that Farmer's Insurance and its employees are state actors. Filing foreclosure proceedings and taking actions to evict occupants of a property do not convert private individuals into "state actors." *See Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that bank using non-judicial foreclosure procedure provided by state law was not state actor for purposes of Section 1983); *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of

foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action"); *Banks v. Bank of Commerce*, 145 F.3d 1336 (9th Cir. 1998) (unpublished; affirming dismissal of a lawsuit claiming that bank was a state actor when it foreclosed on a property). Accordingly, the Complaint will be dismissed with prejudice as to Defendants Farmer's Insurance, Michael Saskor and Nicole Treadwell.

There is also no plausible allegation that Attorney Glazer, who was privately retained by Bobko to file a bankruptcy petition, is a state actor. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the Complaint will be dismissed with prejudice as to Attorney Glazer.

### B. Claims Against Judge Roscioli

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Public records reveal that Judge Roscioli presided over Bobko's criminal case. Because the allegations of impropriety Bobko makes against Judge Roscioli all appear related to actions she took in her judicial capacity in a criminal case over which she clearly had jurisdiction,

judicial immunity applies. The allegations that she "went out of scope of law," and became personally involved in his life are too conclusory to vitiate judicial immunity. Accordingly, the claim against Judge Roscioli is also dismissed with prejudice.

  **C.** **Claims Against NCP**

The § 1983 claim against NCP is dismissed with prejudice because a jail is not a "person" under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

  **D.** **Claims Against Prison Officials**

Also named as Defendants are Prison Director Jimmy Kostura, Warden David Penchishen, Deputy Warden James Klineman, and Case Manager Tara Fister. With the exception of Defendant Fister, there are no substantive allegations against any of these individuals. The Court assumes that the remaining individuals are named because they hold supervisory positions at NCP.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as

7

the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Because Bobko makes no allegation that any of the supervisory individuals were personally involved in the actions he describes in his Complaint, or that he was injured due to their deliberate indifference to the consequences of a policy, practice or custom they created, his § 1983 claims against Kostura, Penchishen, and Klineman are not plausible. However, the Court cannot say at this time that Bobko could never allege a plausible supervisor liability claim. Accordingly, the claims against these Defendant will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Bobko will be granted leave to file an amended complaint.

The basis for the claim against Defendant Fister appears to be that she lied to Bobko about his court dates so that he would miss them. This allegation fails to provide enough information to put Fister on sufficient notice to prepare a defense and ensure that the Court is sufficiently informed to determine the issue. Accordingly, the claim against Defendant Fister will also be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Bobko will be granted leave to file an amended complaint. If he choses to file an amended complaint, Bobko is advised to provide specific allegations, such as the time, place, and substance of how Fister allegedly acted to violate his civil rights.

### E. Claims Against the Unknown Sheriff

Bobko's allegations against the Unknown Sheriff are contradictory and confusing. He alleges both that the Defendant served him notices and did not serve him with notices. (ECF No. 2 at 25-26.) He also alleges that the Unknown Sheriff conspired with Judge Roscioli, Farmer's Insurance and the non-Defendant person who bought his house at a Sheriff's sale and purposely did not locate him so the sale could go through. (*Id.* at 26-27.) The elements of a claim of

conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under § 1983 that "the conspirators act 'under the color of state law.'" *Barnes Foundation v. Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (quoting 42 U.S.C. § 1983).

Bobko's conspiracy allegations fail to state a plausible claim and will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bald allegations without any facts supporting them are insufficient to plead an unconstitutional conspiracy (or, concomitantly, to plead that non-governmental Defendants therefore acted under color of state law). *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176-78 (3d Cir. 2010). Further, his contradictory allegations regarding notice make it difficult for the Court — and the Defendants — to understand the factual underpinning of his claim. Bobko will be granted leave to file an amended complaint. If he chooses to file an amended complaint, Bobko should attempt to provide as much information as possible to identify the Defendant, and specifically allege the time, place, and substance of how the Defendant entered into an agreement with others to violate his civil rights, and any overt act taken in furtherance of that agreement.

### IV. CONCLUSION

For the reasons stated, Bobko's Complaint will be dismissed. All claims against Michael Saskor, Farmer's Insurance, Nicole Treadwell, Northampton County Prison, Robert Glazer and Judge Paula Roscioli are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The remaining claims are dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and Bobko is granted leave to file an amended complaint. If he chooses to file an amended complaint,

9

Bobko is advised to state precisely how each Defendant he includes therein was personally responsible for the civil rights violations or policies he seeks to allege. An appropriate Order follows.

**BY THE COURT:**

**EDUARDO C. ROBRENO, J.**